IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA RAY VOGEL,<br><br>Defendant. | CR 19-140-BLG-SPW<br><br>PRELIMINARY ORDER OF FORFEITURE |
|---|---|

WHEREAS, in the indictment in the above case, the United States sought forfeiture of any property of the above-captioned person, pursuant to 21 U.S.C. § 853(a)(1) and (2) and 18 U.S.C. § 924(d), as property used or intended to be used to facilitate the violations alleged in the indictment, or as proceeds of said violation;

And whereas, on March 17, 2020, the defendant entered a plea of guilty to Count II of the indictment, which charged him with possession with intent to distribute methamphetamine;

And whereas, the indictment contained a forfeiture allegation that stated that as a result of the offenses charged in the indictment, the defendant shall forfeit the following property:

1

- Colt, model M45A1, .45 ACP semi-automatic pistol (S/N: 0353EGA)

- Masterpiece Arms, Model MPA03T, 9mm Caliber semi-automatic pistol (S/N: F13590)

- HS Produkt (Importer: Springfield, Inc.), model XDM Compact, .40 caliber pistol (S/N: MG291002)

- Howa (Importer: Legacy Sport), model 1500, .22-250 caliber bolt-action rifle (S/N: B485021)

- Maverick Arms, model 88, 12 gauge slide-action shotgun (S/N: MV67753S)

- Norinco (Importer: CAI), model SKS, 7.62 x39 mm Caliber semi-automatic rifle (S/N: 26004053)

- Remington, model 34, .22 LR caliber bolt-action rifle (S/N: 27958).

And whereas, by virtue of said guilty plea, the United States is now entitled to possession of the property, pursuant to 21 U.S.C. § 853(a)(1) and (2) and 18 U.S.C. § 924(d), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

ACCORDINGLY, IT IS ORDERED:

1. That based upon the plea of guilty by the defendant to the indictment, the United States is authorized and ordered to seize the property described above. This property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(a)(1) and (2) and 18 U.S.C. § 924(d).

2. That the aforementioned forfeited property is to be held by the United States in its secure custody and control.

3. That, pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a suitable means of general circulation notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practical, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, as a substitute for published notice as to those persons so notified.

3

4. That upon adjudication of all third-party interests, this Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this ___14th___ day of December, 2020.

_____
SUSAN P. WATTERS
United States District Court Judge